UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-69-HRW

SEAN VANOVER,                                                                                   PLAINTIFF,

v.                            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for a period of disability, disability insurance benefits, and supplemental security income benefits on December 10, 2002 (Tr. 55-57, 195-196), alleging disability beginning on November 23, 2002, due to multiple injuries sustained in a motor vehicle accident (Tr. 66).  This

1

application was denied initially and on reconsideration. On April 9, 2004, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 223-242). At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 242-246).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 13, 2004, the ALJ issued his decision finding that Plaintiff was not

2

disabled (Tr. 14-23).  Plaintiff was 33 years old at the time of the hearing decision (Tr. 15).  He has a high school education (Tr. 15).  His past relevant work experience consists of work as a millwright (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15, 21).  The ALJ then determined, at Step 2, that Plaintiff suffered from heterotopic ossification of the left elbow and left hip, borderline intellectual functioning and multilevel trauma resulting from a motor vehicle accident, which he found to be "severe" within the meaning of the Regulations (Tr. 16-17, 21).  At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21).  In doing so, the ALJ specifically considered listings 1.00 and 12.02 (Tr. 17-18).  The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 22) but determined that he has the following residual functional capacity ("RFC"):

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently with a sit/stand option at ½ hour intervals, and only occasional pushing/pulling or use of foot controls with the left lower extremity, as well as no more than frequent pushing/pulling with the left upper extremity. Non-exertionally, he may only occasionally climb stairs/ramps, stoop, kneel or crouch and should never climb ladders/ropes/scaffolds or crawl.  He should perform no more than frequent reaching in all directions including overhead with the left upper extremity and

>avoid hazards and moving machinery. Although the claimant has borderline intellectual functioning, he has the mental capacity to understand, remember and carry out detailed instructions occasionally; relate adequately with others including co-workers and supervisors; and adapt to moderate work-place changes and pressures.

(Tr. 21-22).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as mail sorter and hand packer (Tr. 22). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on February 18, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

     Plaintiff maintains that the ALJ's finding of "malingering" is not supported by medical evidence. However, as the Defendant points out, malingering was specifically noted in the medical evidence of record (Tr. 133). Further, the record reveals only conservative treatment and mild clinical symptoms, which belie Plaintiff's subjective complaints of disabling impairment. Thus, ALJ found

5

Plaintiff's credibility to be "poor" (Tr. 18). It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the Court finds no error in the ALJ's assessment of Plaintiff's credibility. As discussed above, the medical evidence does not support a finding of disabling limitations. In addition to the lack of supporting medical evidence, the ALJ also considered Plaintiff's level of daily activity in discrediting his allegations of disabling pain. For example, Plaintiff testified that although he has given up farm work and working on cars, he continues to take his children to the movies and out to eat and sometimes goes to the grocery store with his girlfriend (Tr. 18). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). The Court finds the ALJ's assessment of Plaintiff's credibility to be supported by substantial evidence on the record.

Plaintiff makes reference to a functional capacity evaluation dated August 26, 2004 in support of his contention of disability (Tr. 207-210). Although Plaintiff makes no specific argument with regard to this document, other than the perfunctory statement that it was not considered, the Court will construe Plaintiff's reliance on the document as an argument pursuant to Sentence Six of 42 U.S.C. § 405(g). Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, Plaintiff has wholly failed to show that the new evidence

is material. In fact, his materiality argument is essentially nothing more than a suggestion that the Commissioner would have reached a different disposition on his disability claim had the subject evidence been presented. Notably, the evaluation post-dates the ALJ's decision and, as such, is not relevant to the period adjudicated by the ALJ. Further, Plaintiff does not even attempt to show good cause for his delay in submitting the subject evaluation.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This January 11, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge